UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FONDA FORWARD,

    Plaintiff,

v.   CASE NO.: 1:12cv7-SPM/GRJ

RTI BIOLOGICS, INC.,

    Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

    Plaintiff, Fonda Forward (Foward), is suing her former employer, RTI Biologics, Inc. (RTI), for violating the Family Medical Leave Act (FMLA).  She contends that RTI fired her because she took FMLA leave to take care of her son.  Although RTI maintains that it fired Forward because of absenteeism and tardiness unrelated to FMLA leave, according to Forward, FMLA leave was a motivating factor in RTI's decision.  She notes that other employees were tardy or absent at least as many times as Forward, but they were not fired.  Also, RTI did not did not suspend Forward before firing her, which is contrary to the progressive disciplinary scheme set out in its own employee handbook.

    Forward is seeking summary judgment regarding RTI's liability for violating

the FMLA, with judgment on damages, interest, and attorneys' fees reserved for later determination. Forward, however, has not established her right to judgment as a matter of law. Accordingly, her motion for summary judgment will be denied.

**I.     FMLA Retaliation**

Forward's claim will be analyzed under the McDonnell-Douglas framework because she does not have direct evidence of discrimination. Martin v. Brevard Cnty. Pub. Sch., 543 F.3d 1261, 1268 (11th Cir. 2008). Under the framework, Forward bears the initial burden of establishing a prima facie case by showing that (1) "[s]he engaged in statutorily protected activity, (2) suffered an adverse employment decision, and (3) the decision was causally related to the protected activity." Id. Once Forward meets this burden, the burden of production shifts to RTI to state a legitimate, non-retaliatory reason for its employment decision. Id.

If RTI states a legitimate, non-retaliatory reason, the presumption of retaliation created by Forward's prima facie case disappears. Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th cir. 1997). To sustain a jury issue, Forward must present sufficient evidence for a reasonable fact-finder to conclude that RTI's legitimate, non-retaliatory reason is false and that RTI unlawfully terminated her for exercising her rights under the FMLA. Martin, 543 F.3d at 1268. To be entitled to summary judgment, Forward's burden is much

higher.  To show that she is entitled to summary judgment, Forward must show that no reasonable jury could find in favor of RTI, even when all justifiable inferences and reasonable doubts about the facts are drawn in favor of RTI. Fitzpatrick v. City of Atlanta, 2 F.3d. 1112, 1115 (11th Cir. 1993).

## II.     Discussion

In her motion for summary judgment, Forward does not discuss her prima facie case.  It appears for purposes of summary judgment that RTI concedes that Forward can meet her prima facie case, since RTI makes no argument about it.  The issue thus turns to RTI's legitimate, non-retaliatory reason for firing Forward.

RTI contends that it fired Forward because of absenteeism and tardiness that was unrelated to her FMLA leave.  Although at this stage of the analysis, RTI is only required to proffer its reason and has no burden to show that it was actually motivated by it, Wilson v. B/E Aerospace Inc., 376 F.3d 1079, 1087 (Fla. 11th Cir. 2004), RTI notes that Forward's absentee and tardiness problem dated back before her request for FMLA leave.  Specifically, RTI issued a corrective action to Forward on June 29, 2007 for absenteeism.  On July 28, 2007, RTI issued a written warning to Forward for being late to work at least four times and leaving work early three times.  On Forward's August 18, 2010 Employee Performance Plan & Semiannual Review, her supervisor noted that Forward "had several attendance issues for tardies and early departures as well as missed

shifts. She needs [to improve] on this issue for the second half of the year but has had one missed shift in June, July, and two in August, not a promising trend." Doc. 18-1 at 11.

Forward continued to have problems and was issued a Final Corrective Action Notice (final notice) on September 9, 2010. After receiving the final notice, Forward applied for and was granted intermittent FMLA leave to care for her son, retroactive to July 16, 2010. RTI determined that Forward's absences for August 30 through September 1, 2010 were related to her need to provide care for her son, and were therefore covered by intermittent FMLA leave. After being approved for the FMLA leave, Forward understood that she was still subject to the final notice. According to RTI, Forward continued to have attendance problems that were unrelated to caring for her son.

Some of these problems were related to Forward's own non-FMLA health issues, which caused her to miss work on October 12, 2010 and on January 4, 2011 through January 6, 2011. On other occasions, Forward was late to work for reasons such as car trouble or misplacing her security badge, or for no particular reason at all. RTI contends that Forward was late on January 11, 19, 20, and 24; March 3 and 31; April 6, 19, 20 and 25, and May 10, all in the year 2011.

Because of her continuing problems after being placed on final notice, Forward's supervisor recommend that she be terminated from employment.

RTI's human resources manager reviewed the situation and agreed. RTI fired Forward on May 12, 2011 for reasons, RTI contends, unrelated to her FMLA leave.

Forward, on the other hand, contends that her FMLA leave was a motivating factor in RTI's decision to terminate her. She notes that other employees were absent and late more times that she was, but were not fired. She also notes that under RTI's progressive disciplinary system as set forth in the employee handbook, she should have been suspended as a preliminary disciplinary action before termination, yet RTI proceeded straight to termination. Failure by an employer to follow its own policies and treatment of comparable employees more favorably are recognized factors that may show that the employer's proffered reason is a pretext for discrimination. Anderson v. Savage Laboratories, Inc., 675 F.2d 1221, 1224 (11th Cir. 1982) (firing for violation of work rule can be shown to be a pretext if other employees engaged in similar acts were not similarly treated); Hurlbert v. St. Mary's Health Care Sys., Inc., 439 F.3d 1286, 1299 (11th Cir. 2006) (employer's failure to follow its own standard procedures can be evidence of pretext).

Forward has presented evidence from which a reasonable jury could conclude that RTI's legitimate, non-retaliatory reason is false and that her exercise of FMLA rights was a substantial or motivating factor that prompted RTI

to fire her. This does not mean, however, that Forward is entitled to summary judgment. Because Forward bears the bears the burden of proof on these issues, she must demonstrate that there is no genuine issue of material fact. Fitzpatrick v. City of Atlanta, 2 F.3d. 1112, 1115 (11th Cir. 1993). This means that to meet her initial summary judgment burden, Forward must show that no reasonable jury could find against her if the evidence she presented in support of her motion were to remain uncontroverted at trial. Id. It is doubtful that Foward has met this burden.

Furthermore, since RTI has presented evidence challenging Forward's claim of pretext, Forward may obtain summary judgment only if no reasonable jury could find for RTI taking into consideration the combined body of evidence. Id. In challenging Forward's claim of pretext, RTI contends that none of the employees Forward identifies were absent or tardy as much as Forward. And among the employees, only Forward was issued a final warning. That warning occurred before Forward sought FMLA leave, thus undercutting Forward's claim of retaliation. Furthermore, with regard to the disciplinary policy, RTI notes that it retained discretion to address attendance issues in the manner it saw fit and that failure to follow the policy therefore does not establish pretext. See Ritchie v. Indus. Steel, Inc., 426 F. App'x 867, 873 (11th Cir. 2011) (failure to follow disciplinary policy not indicative of pretext when employer has discretion not to

follow policy and when policy is not rigorously enforced).

Taking all of the evidence together in the light most favorable to RTI, genuine issues of material fact remain for a jury to determine regarding the reasons for Forward's termination.  Although a jury could find in favor of Forward on her claims, Forward has not established that the case is so one-sided that no reasonable jury could find against her.  Accordingly, it is

ORDERED AND ADJUDGED:  Plaintiff's Motion for Partial Summary Judgment (doc. 16) is denied.

DONE AND ORDERED this 5th day of June, 2012.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge