IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FONDA FORWARD,

    Plaintiff,

v.                                       CASE NO. 1:12-cv-07-SPM-GRJ

RTI BIOLOGICS, INC.,

    Defendant.

_____/

## O R D E R

Pending before the Court is Plaintiff's Motion To Deem Admitted Requests for Admissions. (Doc. 22.) Plaintiff requests that the Court overrule Defendant's general objections to the Second Requests for Admissions and deem the requests admitted. Defendant has filed a response in opposition to the motion. (Doc. 25.) For the reasons discussed below, Defendants' motion to compel is due to be granted in part.

## DISCUSSION

Plaintiff Fonda Forward (Plaintiff) is suing her former employer, RTI Biologics, Inc. (Defendant) for violating the Family Medical Leave Act (FMLA). On September 9, 2010, Plaintiff was issued a Final Corrective Action Notice related to attendance problems. Plaintiff then applied for and was granted intermittent FMLA leave to care for her son. RTI alleges that Plaintiff continued to have attendance problems unrelated to caring for her son and was fired at the recommendation of her supervisor, Paris Mangelsdorf, on May 12, 2011. Plaintiff contends that RTI fired her because she took FMLA leave to care for her son. Defendant maintains that it fired Plaintiff because of absenteeism and tardiness unrelated to FMLA leave. Plaintiff argues that other

employees were tardy or absent at least as many times as she was but were not fired.

Plaintiff's motion for partial summary judgment was denied (Doc. 21) and shortly thereafter, Plaintiff propounded her Second Requests for Admission (Doc. 22, Exh. A). Plaintiff challenges Defendant's representation in its response to Plaintiff's motion for partial summary judgment (Doc. 18) that five co-workers were not late or absent as often as Plaintiff. (*Id.* at p. 3.) Plaintiff states that the 28 requests for admissions are based on time sheets previously produced by Defendant. The challenged requests (1-8, 10-13, and 17-19) each identify a co-worker and specific dates on which the co-worker was late to work or left work early. The dates range from December 30, 2009 to May 12, 2011. (*Id.* at Exh. A.)

In her motion to compel, Plaintiff contends that requests 1-8, 10-13, and 17-19[1] should be deemed admitted because Defendant's objections are not particularized, have no merit, and are designed to conceal a false declaration of Ms. Mangelsdorf. (*Id.* at pp. 6-10.) In its response in opposition to the motion to compel, Defendant argues that its responses are particularized in compliance with Fed. R. Civ. P. 36(a)(5), and that its objections are justified. Defendant objects to the portion of the requests that relate to dates prior to July 29, 2010 – the date that Ms. Mangelsdorf became Plaintiff's immediate supervisor – on grounds of relevance and overbreadth. Defendant contends that any incidences of tardiness or attendance before Ms. Mangelsdorf became Plaintiff's supervisor or not relevant because the predecessor supervisors were

---

[1]Defendant advises the Court that it has already served amended responses to requests 6, 7, and 8, wherein Defendant inadvertently objected to requests related to dates after July 29, 2010. (Doc. 25, p. 2, n. 2.)

not involved in the decision to terminate Plaintiff's employment.  (Doc. 25.)

Under Fed. R. Civ. P. 36(a)(1), a party may serve on any other party "a written request to admit the truth of any matters within the scope of Rule 26(b)(1) [defining the scope of discoverable information] relating to: (A) facts, the application of law to fact, or opinions about either ...."  The party upon whom a request for admission is served must either admit the matter, specifically deny it, state in detail why the party cannot admit or deny the request for admission or object to the request.  FED. R. CIV. P. 36(a)(3)-(4).  Under Rule 36(a)(6), the requesting party can move to determine the sufficiency of an answer or objection.

The Court has reviewed Defendant's responses to the disputed second requests for admissions and finds that the responses are indeed particularized and that Defendant's objections are not unjustified.  Defendant argues that facts related to other employees' attendance, which pre-date the decisionmaker's establishment as Plaintiff's supervisor, lack relevance and are overbroad.  While that argument may ultimately have traction, assuming Ms. Mangelsdorf did not rely upon or know information regarding employee attendance prior to her coming into the supervisor position, such a determination cannot be made in ruling upon the sufficiency of a request to admit.  Assuming that anything that occurred before Ms. Mangelsdorf became Plaintiff's supervisor is irrelevant to Plaintiff's claims would be purely speculative at this point. The Court, therefore, concludes that Plaintiff's requests for admission are reasonably calculated to lead to the discovery of admissible evidence.  Whether these facts eventually will be deemed admissible remains to be seen, and simply because facts

may be relevant within the meaning of Fed. R. Civ. P. 26(b)(1), does not mean those facts must also satisfy the relevancy or admissibility requirements of the Rules of Evidence. Thus, Defendant's objections are overruled.

Plaintiff's Request for Sanctions

Plaintiff also asks the Court to award her attorney's fees and costs associated with bringing the motion to compel as a sanction for Defendant's failure to assert particularized objections. Fed. R. Civ. P. 37(a)(5) provides if a motion to compel is granted in part and denied in part, then "the court may issue any protective order issued under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." In this case, the Court determines Plaintiff is not entitled to an award of attorney's fees as a sanction. While the Court is not persuaded that Defendant's objections should be sustained, the objections are nonetheless justified and present a plausible legal argument. Accordingly, Plaintiff is not entitled to an award of attorney's fees and costs.

## CONCLUSION

Accordingly, upon due consideration, it is **ORDERED** that:

(1)  Plaintiff's Motion to Deem Admitted Requests for Admissions (Doc. 22) is **GRANTED** to the extent that Defendant shall provide full responses to Plaintiff's Second Requests for Admissions numbered 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 17, 18 and 19 **on or before July 30, 2012.** Defendant's objections to Plaintiff's Second Requests for Admissions numbered 1-8, 10-13, and 17-19 are overruled. In all other respects the motion to compel is denied.

(2)  Plaintiff's request for an award of attorney's fees and costs as a sanction

for bringing the motion to compel is **DENIED.**

**DONE AND ORDERED** this 17th day of July, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge